IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



UNITED STATES OF AMERICA,      :

      :   Criminal No. 90-00113-R

v.      :

      :

CARLTON BROWN, et al.      :

      :

## MEMORANDUM OF POINTS, AND AUTHORITIES IN SUPPORT OF REQUEST FOR COLLATERAL RELIEF PURSUANT TO 28 U.S.C. § 2255(a)

NOW COMES, Petitioner, Carlton Brown, pro se; requesting a liberal construction pursuant to the Supreme Court's principles set forth in **Haines v. Kerner**, 404 U.S. 519 (1972).

### STATEMENT OF FACTS

(1) On December 05, 1990 Petitioner was charged by Grand Jury with violations of 21 U.S.C. 846, 18 U.S.C. 1959 and 2, 21 U.S.C. 841(a)(1), and 18 U.S.C. 2, 18 U.S.C. 922(g)(1), and 21 U.S.C. 848.

(2) On February 11th, 1991, Petitioner stood trial with co-conspirator's by Jury for all offenses as alleged in the criminal indictment.

(3) On February 22nd, 1991 the Jury returned a verdict of guilty of Counts 1, 6, 17, and 22 against Mr. Brown.

(4) On May 24th, 1991 this honorable court imposed sentences of life on count one, life count six, life count twenty-two, 240 months count sixteen, and 120 months on count seventeen of indictment, all to run concurrently.

## BASIS FOR 28 U.S.C. § 2255 RELIEF

The Supreme Court's decision in **Johnson** is applicable to Mr. Brown who was determined to be eligible for aggravating life sentences based on the residual clause of the definition of crime of violence contained within the text of 18 U.S.C. § 1959, 18 U.S.C. § 16, and 18 U.S.C. § 848.

On June 26, 2015, the Supreme Court declared that the residual clause of the Armed Career Criminal Act (ACCA), which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another", is "unconstitutionally vague." **Johnson,** 135 S.Ct. at 2557. The Court reasoned that the "indeterminacy of the wide-ranging inquiry required by the residaul clause both denies fair notice to defendant's and invites arbitrary enforcement by judges." **Id.** Thus, "[i]ncreasing, or [f]ashioning a defendants sentence under the [residual] clause denies due process of law". The court held the residual clause "vague in all it's applications" and overruled it's contrary decisions in **James v. United States,** 550 U.S. 192 (2007) and **Sykes v. United States,** 131 S.Ct. 2267 (2011), 135 S.Ct. at 2561-63.

The 18 U.S.C. § 16 provision in which courts must consult through application of 18 U.S.C. § 1959 to empliment the analysis for determination of what entails a crime of violence based off a general definition currently included in 18 U.S.C. § 16 residual clause. see: 18 U.S.C. § 16, and 18 U.S.C. § 1959.

Although **Johnson** addressed the residual clause in the ACCA, the decision also applies to the definition of crime of violence set forth in the statutory text of 18 U.S.C. § 16, and it's related connected-ness. Exh. (A) and (B).

- 2 -

see: **United States v. Gonzalez-Longoria**, 813 F.3d 225 (5th Cir. 2016) (Rehearing en banc granted); **United States v. Vivasceja**, 808 F.3d 719 (7th Cir. 2015); and also: **Dimaya v. Lynch,** 803 F.3d 1110 (9th Cir. 2015), concluding that § 924(c)(3)(B) is also unconstitutional because section 16(b) and 924(c)(3)(B) have the same language. Exh. (A) and (B).

### IN LIGHT OF JOHNSON MR. BROWN'S PREDICATE MURDER IN AID OF RACKETEERING ARE NO LONGER A CRIME OF VIOLENCE

Following **Johnson**, the residual clause may not serve as a legal basis for finding that Mr. Brown committed a predicate crime of violence namely Murder in Aid of Racketeering. To qualify as a crime of violence, the crime must either have as an element the use, attempted use, or threatened use of physical force against the person of another or the elements of the crime must match the generic enumerated crimes of burglary of a dwelling, arson, extortion or crimes involving explosives. U.S.S.G. § 4B1.2(a), and 18 U.S.C. § 924(e)(2)(B).

With regard to the force clause, the 2010 **Johnson** decision of the United States Supreme Court is instructive. The court defined "physical force" under the identical ACCA force clause to mean strong, "violent force-that is, force capable of causing physical pain or injury to another person." **Johnson v. United States,** 559 U.S. 133, 140 (2010) (emphasis in original). The Supreme Court analyzed the phrase "actually and intentionally touching" in a case involving a Florida battery statute and rejected the contention that it had "as an element the use, attempted use, or threatened use of physical force against the person of another." The court found, relying on Florida Supreme Court's precedent that "the element of 'actually and

- 3 -

intentionally touching' under Florida law is satisfied by any intentional physical contact, 'no matter how slight'." **Id.** at 138 (citation omitted) (emphasis in original).

Following **Johnson**, Mr. Brown's predicate acts does not qualify as predicate offenses. They are not enumerated offenses within the text of 18 U.S.C. § 16, 18 U.S.C. § 1959, and do not satisfy the force clause. Thus, Mr. Brown no longer qualifies for an aggravated life sentence on Counts six, and twenty-two of the criminal indictment. Exh. (A) and (B).

### MR. BROWN IS ENTITLED TO RESENTENCING PURSUANT TO 28 U.S.C. § 2255

Mr. Brown's erroneous aggravated life sentences were imposed "in violation of the Constitution or Laws of the United States" and violates Due Process, warranting relief under 28 U.S.C. § 2255.

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution or Laws of the United States." 28 U.S.C. § 2255(a). In **Johnson**, the United States Supreme Court held that "[i]ncreasing a defendant's sentence under the [Residual] clause denies due process of law." 135 S.Ct. at 2557. As set forth above, **Johnson**'s constitutional holding regarding the ACCA's residual clause applies equally to the identically worded residual clause in 18 U.S.C. § § 16, 924(c)(3)(B), U.S.S.G. § 4B1.2(a)(2), and 18 U.S.C. § 5032. see: **United States v. D.J.H.,** U.S. Dist. LEXIS 45454 (E.D. Wis. 2016).

At the time of his sentencing Mr. Brown was determined to be a predicate aggravating offender based on alleged prior predicate conduct which no longer qualify as "crimes of violence". Thus his aggravated life sentences are now

- 4 -

in violation of the constitution of the United States and violates due
process pursuant to **Johnson**. Exh. (B) at 2.

Mr. Brown is prejudices by the longer sentences than he would have
received absent the application of the unconstitutional analysis/inquiry
abrogated by the Supreme Court in **Johnson**. His claim for relief is cognizable
under the plain language of 28 U.S.C. § 2255(a). see: **United States v. Doe**,
810 F.3d 132 (3d Cir. 2015)(finding a claim under **Begay v. United States**,
535 U.S. 137 (2008), involving the mandatory sentencing guidelines is
cognizable in a motion to vacate sentence under 28 U.S.C. § 2255).

**THE RULE ANNOUNCED IN JOHNSON APPLIES RETROACTIVELY
ON COLLATERAL REVIEW**

On June 26, 2015, the United States Supreme Court issued it's decision
in **Johnson v. United States**, 135 S.Ct. 2251 (2015), holding that the residual
clause in the Armed Career Criminal Act (ACCA) is unconstitutionally vague
and increasing a defendant's sentence under the residual clause violates due
process of law. **Id.** at 2557. On April 18, 2016, the United States Supreme
Court held in an ACCA case that **Johnson** is a new substantive rule that is
retroactive to cases on collateral review. **Welch v. United States**, 578 U.S.
_____, No. 15-6418, 2016 WL 1551144 (April 18, 2016).

This court must give retroactive effect to new substantive rules of
constitutional law. **Teague v. Lane**, 489 U.S. 288 (1989); **Montgomery v.
Louisiana**, 136 S.Ct. 718, 729-30 (2016). The residual clause in the ACCA is
identical to the residual clause in 18 U.S.C. § 16. **San Miguel v. Dove**, 291
F.3d 257, 260 (4th Cir. 2002)(new rule applied retroactively where the Supreme

- 5 -

Court " has itself held that the rule is retroactive" or " where the court's holdings logically permit no other conclusion than that the rule is retroactive" (quoting **Tyler**, 533 U.S. at 669)(O'Connor, J., concurring)).

The Fourth Circuit has consistently relied on cases interpreting the ACCA's residual clause to inform decisions relating to identically worded guidelines, and statutory text. **United States v. Vann**, 660 F.3d 771, 773 n.2 (4th Cir. 2011)(en banc); **United States v. Edmonson**, 2015 U.S. Dist. LEXIS 171007 (D. Md. 2015); and **United States v. Fuertes**, 805 F.3d 485 (4th Cir. 2015). Following **Welch**, **Johnson** applies retroactively to 18 U.S.C. § 1959 Racketeering offenders as well as Armed Career Criminals.

## MR. BROWN'S CLAIM IS TIMELY

A motion to vacate, set aside or correct a sentence is subject to a one-year limitations period. 28 U.S.C. § 2255(F)(1). A Federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized the right asserted and made it retroactively applicable to cases on collateral review; or (4) the petitioner could have discovered through due diligence the factual predicate for the motion. The United States Supreme Court decided **Johnson** on June 26, 2015, recognizing a new rule that is substantive and that is retroactive to cases on collateral review.

Mr. Brown is filing his motion within one year of that date.

### ARGUMENT

The **Johnson** court held that the government violates the Due Process clause when it takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of conduct it punishes, or so standardless that it invites arbitrary enforcement. Under the Career Offender provision, (U.S.S.G. § 4B1.1), a prior offense qualifies as a "crime of violence" if it satisfies the following definitions:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -
>
>   (1) has as an element the use, attempted use, or threatened use of physical force against another, or
>
>   (2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a), 18 U.S.C. § 924(e)(2)(B)(ii), 18 U.S.C. § 16, and 924(c).

In determining whether a prior conviction qualifies as a "crime of violence" under the Career Offender provision and such ACCA sentencing provision courts must employ the categorical approach. This means "[s]entencing courts may look only to statutory definitions - i.e. - the elements - of a defendant's prior offenses and not to the particular facts underlying those convictions." **Taylor v. United States**, 495 U.S. 575 (1990); also see: **Johnson v. United States**, 559 U.S. 133, 140 (2010)(... for purposes

of categorical approach "force" means "violent force", i.e. "violent force",
i.e. "strong force" that is "capable of causing physical pain or injury to
another person."). "If the relevant statute has the same elements as the
[career offender, or ACCA 'crime of violence' definition] then the prior
conviction can serve as a [career offender, or ACCA] predicate; so too if the
statute defines the crime more narrowly, because anyone convicted under that
law is necessarily guilty of all the ['crime of violence'] elements.

At the same time, in a "narrow range of cases", sentencing courts may
apply what is known as the "modified categorical approach", and look to a
limited class of documents from the prior case to determine whether the
prior conviction qualifies as a "crime of violence". see: **Shepard v. United
States**, 544 U.S. 13 (2005). Although **Johnson** specifically involved the
definition of "violent felony" under the Armed Career Criminal Act (ACCA),
18 U.S.C. § 924(e), controls here. As this circuit has repeatedly held, "the
ACCA's definition of a 'violent felony' is nearly identical to and materially
indistinguishable from the definition of a 'crime of violence' under the
Career Offender enhancement of the sentencing guidelines.... we routinely
rely on decisions interpreting either of those enhancement provisions in
ascertaining  whether a prior conviction is a crime of violence under the
guidelines of a violent felony under the ACCA." **United States v. Vann**, 660
F.3d 771, 773 n.2 (4th Cir. 2011)(en banc).

After Petitioner **Johnson** plead guilty to being a Felon in Possession of
a Firearm, 18 U.S.C. § 922(g), the government sought an enhanced sentence
under Armed Career Criminal Act (ACCA), which imposes an increased prison
term upon a defendant with three prior convictions for a "violent felony",

18 U.S.C. § 924(e)(1), a term defined by § 924(e)(2)(B)'s residual clause to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." The government argued that **Johnson**'s prior conviction for unlawful possession of a short-barrelled shotgun met this definition. The Supreme Court had previously pronounced upon the meaning of the residual clause in **James v. United States**, 550 U.S. 192; **Begay v. United States**, 553 U.S. 137; **Chambers v. United States**, 555 U.S. 122; and **Sykes v. United States**, 564 U.S. 1, and had rejected suggestions by dissenting Justices in both **James** and **Sykes** that the clause is void for vagueness. In **Johnson**, the district court held that the residual clause does cover Unlawful Possession of a short-barrelled shotgun and imposed a 15 year sentence under ACCA. The Eighth Circuit affirmed.

In **Johnson**, 576 U.S. \_\_\_\_\_ (2015)(slip op. at 5), the Supreme Court held that the indeterminacy of the wide ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitarary enforcement by Judges, and increasing a defendant's sentence under the clause denies due process of law. Further the **Johnson** court found that this mode of analysis has two features that combine to make the particular portion of the statute unconstitutionally vague: (1) First, it left "grave uncertainty" about what the "ordinary instance" of a particular crime is, and (2) Second, it left "uncertainty in determining the degree of risk". **Johnson**, 576 U.S. _____ (2015)(Slip op. at 14, 15).

Nevertheless, Petitioner was charged in Count Six of the indictment with violation of 18 U.S.C. § 1959 and 18 U.S.C. § 2, Violent Crime in Aid of

Racketeering Activity, Aiding and Abetting and in Count Twenty-Two with violations of 21 U.S.C. § 848, Continuing Criminal Enterprise.

Count Six of the indictment provides:

" The Grand Jury further charges that on or about May 4, 1988 at Richmond, Virginia, in the Eastern District of Virginia, the defendants, Eugene Johnson, Carlton Brown, Leonidas Brown, and Billy Harvey, did knowingly, intentionally, and unlawfully cause the murder of Richardo Deans, as consideration for the receipt of, or as consideration for a promise or agreement to pay some thing of pecuniary value from an enterprise engaged in Racketeering Activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in Racketeering Activity being dealing in narcotics or other dangerous drugs.(in violation of Title 18, United States Code, Section 1959, and Title 18, United States Code, Section 2. Formerly Title 18, United States Code, Section 1953B). see: Exhibit (A) at 9.

Moreover, according to p.5, para. 4, of the overt acts section of the indictment it was further alleged, "the murder, on or about May 4, 1988, of Ricardo Deans by Leon Smith, which murder was result of the solicitation of Eugene Johnson, Carlton Brown, and other members of the conspiracy, and which murder was done to further the goals of the conspiracy". see: Exhibit (A) at 5.

**Leocal v. Ashcroft**, 543 U.S. 1, 6 (2004)(..."Title 18 U.S.C. § 16 was enacted as part of the Comprehensive Crime Control Act of 1984, which broadly reformed the federal criminal code in such areas as sentencing, bail, and drug enforcement, which added a variety of new violent and nonviolent offenses. § 1001(a), 98 Stat. 2136. Congress employed the term "crime of violence" in

numerous places in the Act, such as for defining the elements of particular offenses, see: e.g., 18 U.S.C. § 1959 [18 U.S.C.S. § 1959] (prohibiting threats to commit crimes of violence in aid of racketeering activity), or for directing when a hearing is required before a charged individual can be released on bail, see: § 3142(F)(requiring a pretrial detention hearing for those alleged to have committed a crime of violence). Congress therefore provided in § 16 a general definition of the term "crime of violence" to be used throughout the Act. see: § 1001(a), 98 Stat. 2136, Section 16 has since been incorporated into a variety of statutory provisions, both criminal and non-criminal.).

Nevertheless, Mr. Brown's liability and/or punishment for Count Six of the criminal indictment's language reflecting "crime of violence" within the statutory text of 18 U.S.C. § 1959 has been abrogated by the Supreme Court's recent decision in **Johnson v. United States**, 135 S.Ct. 2251 (2015). Moreover, the Supreme Court has noted that the definition in 18 U.S.C. § 16 was intended to apply to the above provision. see: **Leocal,** 543 U.S. at 6, 125 S.Ct. at 381. Further, Count Twenty-Two of the indictment, 21 U.S.C. § 848 is predicated and supported by the presumed validity of Count Six, however in light of **Johnson,** supra.'s implications involving 18 U.S.C. § 1959 and 18 U.S.C. § 16, residual clause of ACCA and U.S.S.G. § 4B1.2(a)(2), the validity of Count Six, 18 U.S.C. 1959, has been ruled unconstitutionally vague in various statutory and U.S.S.G. guideline text do to similar language describing "crime of violence" and the arbitrary ordinary crime of the case analysis thus since 18 U.S.C. § 16 terms "crime of violence" was intended to apply to 18 U.S.C. § 1959, it too (18 U.S.C. § 1959) would automatically be constitutionally in

doubt in light of 18 U.S.C. § 16 questioned constitutionality post-**Johnson** by various federal courts. see: **Dimaya v. Lynch**, 803 F.3d 1110 (9th Cir. 2015) (... holding that the "residual clause" of 18 U.S.C. § 16(b) is also unconstitutional in light of **Johnson**); **Gonzalez-Longoria**, 813 F.3d 225 (5th Cir. 2016)(... rehearing en banc granted); also see: **United States v. Vivasceja**, 808 F.3d 719 (7th Cir. 2015).

Movingalong, some courts are now applying **Johnson** to § 924(c) crimes that rely on the "residual clause" of section § 924(c)(3)(B). see: **United States v. Thongsour Theng Lattanaphom**, U.S. Dist. LEXIS 12368 (E.D. Cal. 2016); **United States v. Bell**, 2016 WL 344749 (N.D. Cal. 2016). The above federal courts have made a reasoned conclusion based upon the Supreme Court's **Johnson** decision that 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague because section 16(b) and 924(c)(3)(B) have the same language.

**Application of Johnson to 18 U.S.C. § 924(c)**

Existing authority in the Ninth Circuit compels this court to extend **Johnson** to the residual clause of 18 U.S.C. § 924(c), a portion of the federal statute with language similar to that of the ACCA residual clause. Like the ACCA, § 924(c) provides sentence enhancements for any person who, "during and in relation to any crime of violence or drug trafficking crime... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by it's nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. **Id.**, § 924(c)(3) (emphasis added).

As with the ACCA, in deciding whether a crime is encompassed by the § 924(c) residual clause, the court must apply a categorical approach. **Lattanaphom**, supra., (citing **United States v. Amparo**, 68 F.3d 1222, 1224 (9th Cir. 1995); and **United States v. Mendez**, 992 F.2d 1488, 1490 (9th Cir. 1993) (... discussing categorical approach as being in contrast to the circumstantial or case-by-case method that requires the district court to inquire into the facts of the particular case.)). Nevertheless, a federal district court was recently presented with a case involving a substantive, but novel legal application of extention of **Johnson**, supra.'s due process principles to a matter arising under 18 U.S.C. § 5032 of the Federal Juvenile Delinquency Act (JDA), to which the court and the government agreed not to reply on the residual clause embodied in section 5032 when determining whether any of the charges and/or convictions in the particular case constituted a crime of violence. The Wisconsin court found that 18 U.S.C. § 5032 contains language that is "virtually identical" to the definition of "crime of violence" embodied in both 18 U.S.C. § 16, and the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). see: **United States v. D.J.H.**, U.S. Dist. LEXIS 45454 (E.D. Wis. 2016).

Further, courts analyzing the language of section 16(b) have routinely engaged in the same "ordinary case" analysis that **Johnson** found to be defective. see: **United States v. Avila**, 770 F. 3d 1100, 1107 (4th Cir. 2014)(... whether burglary statute qualified as a section 16(b) crime of violence

depended on if "the conduct encompassed by the elements of the offense, in the ordinary case, present[ed] a serious potential risk of injury to another" (quoting James v. United States, 550 U.S. 192, 208 (2007))); Keelan, 786 F.3d at 871 (adopting "ordinary case" analysis for section 16(b) after noting that it is the "uniform rule" of "all other circuits to have examined the issue"); United States v. Ramos-Medina, 706 F.3d 932, 938 (9th Cir. 2012) (James requires applying the " ordinary case" analysis to section 16(b)); Van Don Nguyen v. Holder, 571 F.3d 524, 530 (6th Cir. 2009); United States v. Sanchez-Garcia, 501 F.3d 1208, 1213 (10th Cir. 2007).

The government itself acknowledgees the similarities between section 16(b), section 924(c), and ACCA. In the Johnson argument, the government stated:

" Although section 16 refers to the risk that force will be used rather than the injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, section 16 requires a court to identify the ordinary case of the commission of the offense and to make a common sense judgment about the risk of confrontations and other violent encounters."

Johnson v. United States, Sup. Ct. Docket No. 13-7120, Supplemental Brief of Respondent United States at *22-*23, available at 2015 WL 1284964.

This concession makes plain that the residual clause in section 924(c)(3), ACCA, 18 U.S.C. § 16, and 18 U.S.C. § 1959 contain the same constitutional defect: All require an analysis of the risk inherent in an "ordinary case". Because the Supreme Court found ACCA's residual clause to be unconstitutionally vague, this court should follow the Court of Appeals that have already ruled on this issue as to the identical residual clause in section 16(b), 18 U.S.C. § 924(e)(2)(B), U.S.S.G. § 4B1.2(a)(2), §924(c)(3) and find that section 18

U.S.C. § 1959's application to 18 U.S.C. § 16 unconstitutionally vague.

### MURDER IN AID OF RACKETEERING IS NOT A "CRIME OF VIOLENCE" UNDER THE FORCE CLAUSE IN SECTION 18 U.S.C. § 16 or 18 U.S.C. § 848

Murder in Aid of Racketeering, the major predicate crime at issue in this case, does not qualify as a crime of violence under the force clause.

Section 1959 of Title 18, United States Code, provides in pertinent part:

(a) whoever... for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any state or the United States, or attempts or conspires so to do, shall be punished,

(1) For murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both;

(2) For maiming, by imprisonment for not more than thirty years or a fine under this title, or both;

(3) For assault with a dangerous weapon or assault resulting in serious bodily, by imprisonment for not more than twenty years or a fine under this title, or both;

(4) For threatening to commit a crime of violence, by imprisonment for  not more than five years or a fine under this title, or both;

(5) For attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years of a fine under this title, or both; and

(6) For attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury, by imprisonment for not more than three years or a fine under this title, or both.

18 U.S.C. § 1959.

While courts are generally required to use the categorical approach in determining whether a statute constitutes a crime of violence, a variant known as the modified categorical approach applies when an offense is divisible. see: **Descamps v. United States**, 133 S.Ct. 2276, 2281 (2013). An offense is divisible  and thus subject to the modified categorical approach only if it "consist[s] of alternative elements through which the offense may be proved." **Id.** at 2283; Accord **Id.** at 2281 ("divisible statute" is one that "sets out one or more elements of the offense in the alternative"); **Id.** at 2285 (divisible statute is one that "list multiple, alternative elements, and so effectively creates several different crimes").

Section 1959 is divisible because one of the elements of the offense is set out in the alternative - namely, that an individual has to commit one of "murder[], kidnap[ping], assault[] with a dangerous weapon, [or] assault resulting in serious bodily injury" or threaten to commit a crime of violence. In other words, each constitutes a different crime. That the statute provides different penalties for each crime further supports the divisibility of the statute.

The modified categorical approach is used for the limited purpose of "determin[ing] which alternative element in a divisible statute formed the basis of the defendant's conviction." **Descamps**, 133 S.Ct.  at 2283, 2293.

It is a "tool" that functions "to identify, from among several alternatives, the crime of conviction so that the court can compare it to" the elements of a crime of violence. Id. at 2285. To do so, a court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the" charge. Id. at 2281. see: **Shepard v. United States**, 544 U.S. 13, 20-21 (2005)(plea transcript and plea agreement can be reviewed).

If those documents fail to specify which subset of the element applies to the defendant, the court must look to the more innocent alternative. see: **United States v. Savage**, 542 F.3d 959 (2d Cir. 2008)(Nothing in plea colloquy established to which alternative element defendant had pleaded, one of which was not a controlled substance offense; thus, predicate act could not qualify as a controlled substance offense). The court then employs the analysis required by the categorical approach, meaning that it compares whether the elements of the specific alternative of the offense fall within the force clause. **Descamps**, 133 S.Ct. at 2285.

The underlying offense charged here is "Murder in Aid of Racketeering". (A. 101). Section 1959. Petitioner, case present a novel issue regarding whether resort to the categorical approach requires examination of the state construction of the alleged "fact of conviction" i.e., Indictment, Plea Colloquy, and Jury Instructions ect. when a defendant charged with an alleged offense under state law stands trial, but never convicted ? Moreover, the categorical approach, and modified categorical approach as contemplated by the **Taylor**, 495 U.S. 575, **Shepard**, 544 U.S. 13, and **Descamps**, supra. courts counsels federal courts in examining prior predicate offenses to confine

it's examination to the [f]act of [c]onviction. Further, the Supreme Court recently clarified that federal courts are [b]inded to the [s]tate law construction when examining whether a state law predicate qualifies under the categorical approach. **Johnson v. United States**, 559 U.S. 133, 140 (2010). Moreover, in relation to examining whether a state law predicate, and/or conduct, could potentially fit within the scope of the categorical, modified categorical analysis the examination must be limited to the [f]act of [c]onviction as demonstrated by the Supreme Court's reasoning in the above precedents. However, the categorical approach is a prerequisite post-**Shepard**, **Taylor**, supra., and **Descamps**, therefore if no [f]act of [c]onviction exist a federal court is prevented from emplimenting a categorical/modified categorical approach. However, any examination is restricted to an elements based inquiry, and must not be substituted for facts of how a defendant allegedly committed an offense. **Descamps**, supra.. Further, the precedent case law demonstrates that it was impermissable judicial fact finding for the district court to designate Mr. Brown's alleged predicate conduct as qualifying for 18 U.S.C. § 1959 and 18 U.S.C. § 16 purposes.

Nevertheless, there is no indication, nor existing authority which could support the proposition that the Fourth Circuit ever adopted a generic definition for "murder" by consorting model penal code (MPC), state laws, and learned treaties thus affording Mr. Brown the ability to proceed pursuant to 28 U.S.C. § 2255(a) as there is no indication of a ruling that the numerous forms of state law murder, some non-violent, automatically qualifying under the force clause. **United States v. Marrero**, 743 F.3d 389, 400 (3rd Cir. 2012) (concluding that as far as the Third Circuit is aware, no federal court has

yet adopted a generic definition of murder for the crime-of-violence analysis).

Thus, Mr. Brown automatically qualifies for collateral relief as the district court failed to resort to a categorical approach to compare the elements of the supposed offense, thus resulting in a miscarriage of justice. **United States v. Addonizio**, 442 U.S. 178, 185 (1979); **United States v. Timmreck**, 441 U.S. 780, 783-84 (1979); and **Davis**, 417 U.S. at 346).

**MOVANT'S MOTION IS TIMELY:**

Section 2255(f)(3) of Title 28 of the United States Code, 28 U.S.C. § 2255(f)(3), establishes a one-year statute of limitations for a motion to vacate, set aside or correct the sentence based upon a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" with such period commencing upon "the date on which the right asserted was initially recognized by the Supreme Court."

Because **Johnson** was decided on June 26, 2015, this motion is timely.

To meet the statute of limitations in section 2255(f)(3), Mr. Brown is required to file his motion prior to June 26, 2016. see: **Dodd v. United States**, 545 U.S. 353, 357 (2005)(finding that the one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactivly applicable to cases on collateral review).

## CONCURRENT SENTENCE DOCTRINE

Petitioner was sentenced pursuant to the Sentencing Reform Act of 1984, see Exh. (8 ) at 1. This honorable court imposed sentences as follows after the jury's verdict of guilty; (1) life on Count One of the indictment, (2) life on Count Six, (3) life on Count Twenty-Two, (4) 240 Months on Count Sixteen of the indictment, and (5) 120 Months on Counts Seventeen of the indictment, all counts to run concurrently with each other, and imposed a special assessment of $250.00. The additional $250.00 assessment results in a violation of due process because the court ordered all counts to run concurrent to each other thus depriving this court of the authority to impose more than a $100.00 Special Assessment for all counts. Moreover, since Petitioner's collateral challenges call into question the validity of Counts Six and Twenty-Two of the indictment, the Special Assessment error automatically abrogates the rest of the remaining counts of the indictment resulting in a complete vacater of all the counts. see: **Ray v. United States**, 481 U.S. 736, 737 (1987)(per curiam)(conviction appealable even though prison and parole terms are concurrent because seperate monetary penalties assessed on each of three counts); and **United States v. Corona**, 108 F.3d 565, 571-72 (5th Cir. 1997)(concurrent sentence doctrine inapplicable because concurrent sentences on two counts each carried $50.00 Special Assessment rendering them seperate punishments for double jeopardy purposes).

- 7 -

## CONCLUSION

Mr. Brown is entitled to relief under Section 2255 because in light of Johnson, his sentence violates due process of law. This court should vacate his erroneous life sentences and re-sentence him without application of the analysis abrogated by the Johnson court.

Respectfully Submitted,

Dated: June 20, 2016

*Carlton Brown pro-se*

Carlton Brown
Reg. No.
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV    26525

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent V.I.A. Fisrt Class Mail upon the parties by depositing it in the prison's internal mailing system through prison authorities in the mail room:

> Assistant United States Attorney
> United States Attorney's Office
> 919 E. Main Street
> Suite 1900
> Richmond VA. 23219

I do solemnly swear under penalty of perjury that the above statements are accurate and true to the best of my knowledge and ability pursuant to the penalty of perjury. 28 U.S.C. § 1746.

Dated: June 20, 2016

*Carlton Brown pro-se*

Carlton Brown
Reg. No.
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV    26525

- 8 -

MR. CARLTON BROWN
# 32507-083
U.S.P HAZELTON
P.O. BOX 2000
Brucetonmills, WV 26525

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
7002 1000 0004 7172 6786

United States District Court
Eastern District of Virginia
701 EAST BROAD ST, Ste 3000
Richmond, Virginia 23219-3528

The enclosed
mailing process...
been neither opened...
question or problem over which the writer raises a
jurisdiction, you may wish to return the material for further
information of clarification. If the writer encloses
correspondence for forwarding to another address,
please return the enclosure to the above address.

Legal
mail