IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| CARLTON BROWN, | ) | |
| *Petitioner,* | ) | **Criminal No. 3:90-cr-113-002** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

## GOVERNMENT'S RESPONSE TO
## PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Heather Hart Mansfield, Assistant United States Attorney, and responds to defendant's Motion under 28 U.S.C. § 2255. The defendant's motion should be denied for the reasons set forth below.

### I.       Background

On December 5, 1990, a grand jury sitting in the Eastern District of Virginia returned a 23-count criminal indictment against the defendant and several other individuals.  The defendant, Carlton Brown, was specifically charged in Count One with Conspiracy, in violation of 21 U.S.C. § 846; in Count Six with Violent Crime in Aid of Racketeering Activity, in violation of 18 U.S.C. §§ 1959 and 2; in Count Sixteen with Distribution of Cocaine Hydrochloride, in violation 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; in Count Seventeen with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B); and in Count Twenty-Two with Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848.  On February 22, 1991, after a nine-day jury trial, the defendant was found guilty of all charged counts.

On May 24, 1991, the Court sentenced the defendant to life imprisonment on Counts

One, Six, and Twenty-Two, 240 months' imprisonment on Count Sixteen, and 120 months' imprisonment on Count Seventeen. The defendant filed a notice of appeal. On July 9, 1992, a per curiam opinion was issued by the Fourth Circuit Court of Appeals affirming the defendant's convictions in part and vacating in part. Pursuant to that opinion, on July 15, 1992, an order was entered setting aside the defendant's conviction and sentence on Count One.

The defendant filed his Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 30, 2016.

## II.    Argument

The defendant makes several claims. First, the defendant claims that his conviction of Violent Crime in Aid of Racketeering violates due process because the Supreme Court in *United States v. Johnson*, 135 S. Ct. 2551 (2015) invalidated the residual clause of the crime of violence definition under the Armed Career Criminal Statute in 18 U.S.C. § 924(e)(2)(b)(ii). Defendant makes the same claim to his conviction on Count 22, alleging that this conviction is contingent on the validity of Count Six. The defendant's final claim is that his special assessment violates due process.

All of the defendant's claims should be denied.

### A. The defendant's first claim that the holding in *Johnson* applies to his conviction should be denied.

The defendant's first claim is that his conviction for Violent Crime in Aid of Racketeering violates due process. This claim should be denied because the defendant's motion is barred by the statute of limitations and *Johnson* is inapplicable to the defendant's convictions.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statement of limitations on Section 2255 petitions brought by federal prisoners. To be timely, a federal prisoner must file any motion to vacate, set aside, or correct his sentence within one year of the latest of the following dates:

      (1)     the date on which the judgment of conviction becomes final;

      (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The petitioner's judgment was final well over one year ago. The petitioner attempts to save his claim by arguing that *Johnson* invalidated his conviction, and therefore, his motion falls under the time period of § 2255(f)(3), but *Johnson* is completely inapplicable to the petitioner's conviction.

     In *Johnson*, the Supreme Court "h[e]ld that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," in 18 U.S.C. § 924(e)(2)(b)(ii), "violates the Constitution's guarantee of due process" because the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson*'s invalidation of the residual clause—a provision that results in a mandatory minimum that is higher than the statutory maximum without the ACCA—is "a substantive decision and so has retroactive effect . . . in cases on collateral review." 136 S. Ct. at 1265. But, crucially, defendant is not challenging an ACCA sentence. Instead, he is seeking, in a § 2255 filed more than a year after his conviction became final, to challenge his conviction under the Violent Crime in Aid of Racketeering statute.

     The defendant was specifically charged with murdering an individual in aid of racketeering activity. Count Six of the Indictment specifically states that the defendant and others:

did knowingly, intentionally, and unlawfully cause the murder of Ricardo Deans, as consideration for the receipt of, or as consideration for a promise or agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

This offense falls under 18 U.S.C. § 1959. This section lists several specific acts which, when committed in aid of racketeering activity, violate the statute. Although the defendant was specifically charged with committing murder in aid of racketeering, there are other ways to violate the statute. § 1959 states that whoever "murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual…" in aid of racketeering activity violates the statute. Notably, only one of those actions involves the phrase "crime of violence."

The defendant alleges that his conviction violates due process because the definition of crime of violence in 18 U.S.C. § 16 includes a residual clause, which he argues was invalidated by the Supreme Court's holding in *Johnson*. Therefore, he claims that his conviction would only be valid if his predicate crime, murder, fell under 18 U.S.C. § 16(a), which defines crime of violence as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another." However, the fatal flaw in the defendant's reasoning is that his conviction does not rest on the definition of crime of violence and murder is a specifically enumerated way to violate the statute.

The subsections of § 1959 define the penalties for each act that violates the statute. The defendant is charged with murder in aid of racketeering under § 1959(a)(1), which states that the punishment for a person who violates the statute should be "for murder, by death or life imprisonment…" It is § 1959(a)(4) which references threatening to commit a crime of violence, and states that the punishment for violating the statute in this way is "imprisonment for not more

than five years…"  The only time that a court or jury would have to turn to the definition of crime of violence under  18 U.S.C. § 16 when considering a violation of § 1959 is when a defendant is charged under § 1959(a)(4), which is clearly not the case here.

The defendant was not charged with violating the statute by threatening to commit a "crime of violence;" instead, he was charged with violating the statute by committing murder in aid of racketeering, a specifically enumerated act in the statute.  The definition of a crime of violence had no applicability to the defendant's conviction.  Thus, because *Johnson* has no applicability, the defendant's claim does not fall under § 2255(f)(3), is time-barred and should be denied.  Additionally, because the defendant's claim that *Johnson* applies to his conviction is meritless, it fails on the merits and should be denied.

**B.  The defendant's second claim is also time-barred and should be dismissed.**

The petitioner's second claim is that the validity of Count Twenty-Two, which charges him with a Continuing Criminal Enterprise, is contingent on the validity of Count Six.  As explained above, the defendant's claim on the validity of Count Six is time-barred and meritless.  Similarly, his second claim is time-barred and meritless.

Count Twenty-Two charged the defendant with engaging in a continuing criminal enterprise.  The defendant raised this claim more than one-year after his conviction was final, and therefore, this claim is time-barred.  The defendant again attempts to save this claim, by alleging that *Johnson* applies to this count because the validity of Count Twenty-Two is dependent on Count Six.  Much like the first claim advanced by the defendant, however, this argument fails.

As an initial matter, as explained above, the decision in *Johnson* is inapplicable to Count Six.  Additionally, even if *Johnson* applied to Count Six, Count Twenty-Two makes no reference to Count Six of the indictment or to a crime of violence.  Count Twenty-Two charges the defendant

with engaging in a continuing criminal enterprise by violating "Title 21, United States Code, Sections 841 and 846…"  The indictment clearly charges the defendant with engaging in violations of drug statutes and a drug enterprise.  There is no reference to Count Six or a crime of violence and thus, no colorable *Johnson* claim.  The defendant alleges no facts on which to base this claim, and therefore, it is time-barred and should be denied.

### C.  The defendant's third claim is time-barred and meritless and should be denied.

The defendant's third claim is that his special assessment violates due process.  This claim is similarly barred by the statute of limitations and should be dismissed.

Additionally, this claim is not the type of claim cognizable in a § 2255 motion.  The statute states:

> A prisoner in custody under a sentence of a Court…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"The plain text of section 2255 provides relief only to those prisoners who claim the right to be released from 'custody.'"  *United States v. Ross*, 801 F.3d 374, 379 (3rd Cir. 2015).  Although "the concept of custody is expansive enough to encompass harms and remedies other than immediate discharge from physical confinement," a special assessment is not "the type of restriction on liberty that constitutes custody within the meaning of that statutory provision."  *Id*. at 379, 382.  *See United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999)(finding that § 2255 relief "is not available to those, like the defendant, who challenge only fines or restitution orders." at 1130).

The defendant's claim regarding his special assessment is being made more than a year from the date his conviction was final and thus should be dismissed.  Moreover, the claim is not

cognizable on collateral review and should be denied.

## Conclusion

For all the foregoing reasons, the defendant's Motion to Vacate should be denied.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____ /s/ _____
    Heather Hart Mansfield
    Assistant United States Attorney
    919 East Main Street, Suite 1900
    Richmond, VA 23219
    Phone:  (804) 819-5400
    Telefax: (804) 771-2316
    Heather.H.Mansfield@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 10, 2016, I electronically filed a copy of the foregoing with

the Clerk of Court using the CM/ECF system, and mailed a copy to the following non CM/ECF

user:

Carlton Brown
Reg No. 32507-083
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

                                          _____/s/_____
                                          Heather Hart Mansfield
                                          Assistant United States Attorney
                                          919 East Main Street, Suite 1900
                                          Richmond, VA 23219
                                          Phone:   (804) 819-5400
                                          Telefax: (804) 771-2316
                                          Heather.H.Mansfield@usdoj.gov