IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:90CR113**

**CARLTON BROWN,**

Petitioner.

## MEMORANDUM OPINION

Carlton Brown, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 28). The Government has responded, asserting, *inter alia*, that the relevant statute of limitations bars relief. (ECF No. 39.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and an extension of time, Brown filed no reply. For the reasons set forth below, the Court will deny Brown's § 2255 Motion. (ECF No. 28.)

### I. Procedural History

On December 5, 1990, a grand jury charged Brown with: conspiracy, in violation of 21 U.S.C. § 846 (Count One); murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959 and 18 U.S.C. § 2 (Count Six); distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Sixteen); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B) (Count Seventeen); and engagement in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count Twenty-Two). (Indictment 1–7, 9–10, 15, 18). Following a trial, a jury convicted Brown of all counts. *See United States v. Johnson*, Nos. 91–5304, 91–5310, 91–5311, 91–5312, 91–5321, 91–5322, 91–5323, 91–5332, 1992 WL 134483, at *1 (4th Cir. June 18, 1992); (*see also* ECF No. 29-2,

at 2.) The Court sentenced Brown to life imprisonment on Counts One, Six, and Twenty-Two, 240 months of imprisonment on Count Sixteen, and 120 months of imprisonment on Count Seventeen. (*See* ECF No. 29, at 1; *see also* ECF No. 39, at 1–2.)

Brown, through counsel, filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. *See Johnson*, 1992 WL 134483, at *1. The Fourth Circuit affirmed this Court's judgment on Counts Six, Sixteen, Seventeen, and Twenty-Two. *See id.* at *3. With respect to Count One, the Fourth Circuit concluded that "the district court erred when it imposed a sentence on [Brown's] conspiracy conviction[]," explaining that "Congress did not intend that an individual be punished under both § 846 (conspiracy) and § 848 (continuing criminal enterprise)." *Id.* (quoting *United States v. Porter*, 821 F.2d 968, 978 (4th Cir. 1987)). The Fourth Circuit vacated the sentence imposed for Count One and remanded the action for resentencing. *Id.* With respect to the impact of the vacation of the sentence imposed for Count One, the Fourth Circuit noted that "[i]n light of the multiple life sentences imposed on . . . Carlton in counts six (murder in furtherance of racketeering activity) and twenty-two (CCE), our vacation of the sentence[] imposed on the conspiracy count (count one) bears little import." *Id.* at *3 n.3.

On June 20, 2016, Brown placed the present § 2255 Motion in the prison mail system. (§ 2255 Mot. 12.)[1] The Court deems the § 2255 Motion filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Brown contends that he is entitled to relief because: (i) his conviction of murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959, (Count Six), violates due process in light of the United States Supreme Court's decision

---

[1] The Court utilizes the pagination assigned to Brown's submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Brown's submissions.

2

in *Johnson v. United States*, 135 S. Ct. 2551 (2015); (ii) his conviction of engagement in a continuing criminal enterprise, in violation of 21 U.S.C. § 848, (Count Twenty-Two), "is erroneously contingent on [the] validity of Count[] Six," and in light of *Johnson*, this conviction also violates due process; and, (iii) his sentence on "four counts of conviction to be served concurrently, and a fine of $250.00 dollars [is] in error" because "Counts 16, 17, and 22 of the Indictment are invalid in relation to [the] application of the constitutional principles set forth in *Johnson*, which invalidates Count[s] 6 and 22." (§ 2255 Mot. 4–6.) Brown contends that his § 2255 Motion is timely filed because he filed it within one year of the Supreme Court's decision in *Johnson*. (*Id.* at 10.) As explained below, the decision in *Johnson* fails to provide Brown a belated commencement of the limitation period and the action is untimely.

## II. Analysis

### A. Running of the Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>   (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), Brown's conviction became final in 1993. *See Clay v. United States*, 537 U.S. 522, 527–28 (2003). Because Brown's conviction became final prior to the passage of the AEDPA, Brown had until April 24, 1997 to timely file his § 2255 Motion. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). Thus, the Court must find untimely the instant § 2255 Motion, filed in 2016, unless Brown demonstrates some basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period. As explained in greater detail below, Brown has not satisfied these requirements.

### B. Belated Commencement Under 28 U.S.C. § 2255(f)(3)

Brown contends that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court recognized in *Johnson v. United States*, 135 S. Ct. 1551 (2015), a new right made retroactively applicable to cases on collateral review. (§ 2255 Mot. 10.)

To benefit from the limitations period stated in § 2255(f)(3), Brown "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting 28 U.S.C. § 2255(f)(3)). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005). Under that provision, "[t]he meaning of 'right asserted' in 28 U.S.C.

4

§ 2255[(f)](3) is the substantive right that forms the basis for the § 2255 motion . . . ." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007).

Brown asserts that the right recognized in *Johnson* affords him relief. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Here, Brown does not challenge a sentence enhancement under the ACCA. Rather, Brown asserts that *Johnson* invalidates his conviction under 18 U.S.C. § 1959 (Count Six), and further contends that his other convictions are also invalid because they are contingent on his conviction in Count Six of murder in aid of racketeering. (§ 2255 Mot. 4–6.) Brown argues that *Johnson* entitles him to relief because his conviction is based on the "definition of [']crime of

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

5

violence,['] which language has been ruled unconstitutionally vague by the Supreme Court, . . . which results in a due process violation." (§ 2255 Mot. at 4.)

The *Johnson* decision has no application to Count Six, the murder in aid of racketeering violation, set forth in 18 U.S.C. § 1959(a)(1). That statute—VICAR, for Violent Crimes in Aid of Racketeering Activity—applies, as the name suggests, to the commission of a number of different enumerated violent crimes committed in relation to the defendant's participation in a racketeering enterprise. Title 18 U.S.C. § 1959 provides, in pertinent part:

> **(a)** Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, *murders*, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished--
> **(1)** for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both;
> **(2)** for maiming, by imprisonment for not more than thirty years or a fine under this title, or both;
> **(3)** for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both;
> **(4)** for threatening to commit a crime of violence, by imprisonment for not more than five years or a fine under this title, or both;
> **(5)** for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both; and
> **(6)** for attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury, by imprisonment for not more than three years or a fine of under this title, or both.

18 U.S.C. § 1959(a)(1)–(6) (footnote omitted) (emphasis added).

Brown was charged specifically with a murder,[3] which is the first of the enumerated violent crimes in subsection (a) of the VICAR statute's list. *See United States v. Johnson*, Nos. 91–5304, 91–5310, 91–5311, 91–5312, 91–5321, 91–5322, 91–5323, 91–5332, 1992 WL 134483, at *1 (4th Cir. June 18, 1992); *see also* 18 U.S.C. § 1959(a)(1). Although subsection 1959(a) also identifies "crimes of violence," that language does not impact Brown's conviction for a murder. Because Brown was convicted of VICAR murder and not an unspecified crime of violence, Brown's case does not involve the residual clause of the ACCA, meaning *Johnson* does not apply to his case. *See Rozelle v. United States*, Nos. 3:16–CV–532–FDW, 3:92–CR–284–FDW–7, 2017 WL 1458206, at *3 (W.D.N.C. Apr. 24, 2017) (concluding that "the holding in *Johnson* ha[d] no bearing" on the petitioner's claim because "[h]e was convicted of violating §§ 1959(a)(1), (3) & (6), which do not include the term 'crime of violence' or rely on a definition supplied by 18 U.S.C. § 16(b)"); *see also Young v. United States*, No. 04–CR–0209(JS), 2019 WL 2162946, at *4 (E.D.N.Y. May 16, 2019) (concluding that "the analysis of what qualifies as a crime of violence [was] inapplicable" when the petitioner was convicted under 18 U.S.C. § 1959(a)(3), "which only encompasses 'assault with a dangerous weapon' or 'assault resulting in serious bodily injury'" (citation omitted)). As a result, the *Johnson* decision has no applicability to Brown's case.

---

[3] As set forth in the Indictment, Count Six charged

> ... that on or about May 4, 1998, at Richmond, Virginia, in the Eastern District of Virginia, . . . CARLTON BROWN, . . . did knowingly, intentionally, and unlawfully cause the murder of Ricardo Deans, as consideration for the receipt of, or as consideration for a promise or agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(Indictment 9.)

Accordingly, Brown cannot rely upon the *Johnson* decision to render his § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3). *See Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) ("Because the classification of this conviction is unaffected by *Johnson*, § 2255(f)(3) does not grant [petitioner] a fresh window to file a collateral attack."). Because Brown also has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations,[4] the statute of limitations bars Brown's § 2255 Motion.

### III. Plaintiff's Motion for Appointment of Counsel

Brown moves this Court for appointment of counsel. (ECF No. 31.) No constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). For example, appointment of counsel for an indigent petitioner is appropriate in a 28 U.S.C. § 2255 action when necessary for utilization of discovery procedures or when an evidentiary hearing is required. *See* Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rules 6(a) and 8(c). Upon review of Brown's motion, the Court concludes that the issues at bar are not complex and the interests of justice do not require the appointment of counsel. Accordingly, the Court will DENY WITHOUT PREJUDICE the motion for appointment of counsel. (ECF No. 31.)

### IV. Conclusion

For the foregoing reasons, Brown's § 2255 Motion (ECF No. 28) will be DENIED as barred by the statute of limitations. Brown's Motion for Appointment of Counsel (ECF No. 31) will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED. A certificate of

---

[4] Neither Brown nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.

appealability will be DENIED.[5]

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/2/2019
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Brown has not satisfied this standard.