# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 3:90-cr-00113 |
| | ) | The Hon. M. Hannah Lauck |
| **CARLTON BROWN,** | ) | |
| *Defendant*. | ) | |

## **SUPPLEMENTAL MOTION**

Carlton Brown, through counsel, files this Supplemental Motion to his Motion for Compassionate Release, ECF No. 94. Counsel has tried diligently to communicate with Mr. Brown to ascertain needed information for the Motion for Compassionate Release, but all communication has been slow and extremely difficult. Counsel has attempted communication with Mr. Brown through letters, email and phone calls both with Mr. Brown and USP Hazelton with inconsistent and frustrating results.

Upon appointment to this case, counsel sent several letters to Mr. Brown requesting information and providing him with forms and instructions explaining the requirements necessary to file his Motion for Compassionate Release, particularly the filing of the BP-8. She also requested Mr. Brown send her a Corrlinks request so that they could set up email communication. That letter went unanswered for a period of time which prompted counsel to check the federal inmate locator to ascertain if Mr. Brown was still alive. Counsel then re-sent the letter. She received a response from Mr. Brown on November 20, 2020 stating that he never received the prior letter, that the prison had been on lockdown for most of the year due to COVID-19 and that, because it was still on lockdown, he would be unable to email or call her. He further advised that he would begin the process to exhaust his administrative remedies by filing the BP-8. By return letter Counsel reminded Mr. Brown that she could not file the Motion for Compassionate Release until the BP-8

was filed and 30 days had passed (or the warden denied it) and asked him to inform her when this had been accomplished. No further letters were received until April 2021 although Mr. Brown informed counsel on February 25, 2021 by phone that he had filed the BP-8. Counsel sought to obtain a copy of the BP-8 and called Hazelton no less than 17 times over the next 2 months. The phone was only answered on two of those occasions but messages left were never returned.

Attempts to reach the facility by email to collect the information necessary for filing were no more productive. On February 12, 2021 counsel sent an email to the Exec Assistant at Hazelton requesting a phone conference with Mr. Brown and the Exec Assistant responded that the request was being sent to Mr. Brown's team. By happenstance, counsel spoke with Mr. Brown for the first time on February 25, 2021, via a third-party call, and he advised her that he filed the BP-8 in late December/early January. Mr. Brown's team counselor did not respond to the request for a phone conference until March 2, 2021. Counsel continued to email Hazelton and requested a copy of Mr. Brown's Individualized ReEnty plan-Program Review, all programming and certificates, updated medical records and a copy of the warden's denial of Brown's BP-8. Despite the fact that a copy of Mr. Brown's properly executed Certificate of Identity allowing her to receive this information was attached to the email, the Exec Assistant refused and replied that "[t]the Release of Information would have to be completed and on record at this facility to release any information to you. The information you are requesting is available to the inmate upon their request." *See* Exhibit A. Three days later, after counsel's vehement protest, BOP counsel sent the requested information to Mr. Brown's counsel. By email on April 20, 2021, BOP counsel informed Mr. Brown's counsel that they did not have a record of Mr. Brown filing a BP-8 with the Warden.

Counsel was scheduled to have another phone call with Mr. Brown on April 20, 2021 but Mr. Brown was working in the laundry so the call was rescheduled for April 26, 2021. During

2

the call on the 26th, Mr. Brown informed counsel of his release plan and reiterated that he had filed the BP-8 in late December/early January, but he did not have a copy. Counselor McDuffie then spoke on the phone and stated that he remembered Mr. Brown giving him the BP-8 to file and that Counselor McDuffie gave it to his supervisor. He agreed that if he could not find a copy of the BP-8 he would sign an affidavit stating those facts. However, counsel received an email the next day from Counselor McDuffie in which he stated that it was not he, but Counselor Blunt who submitted the BP-8 and he did not have a copy. Counsel for Mr. Brown contacted Counselor Blunt who denied that he had submitted a BP-8 for Mr. Brown because Counselor Blunt had transferred from Hazelton USP in April 2020. Counselor Blunt insisted that it was either Counselor McDuffie or Counselor Hixenbaugh, who were sharing duties at the time at the USP, who received the document. Counsel for Mr. Brown immediately emailed Counselor McDuffie and asked him to confirm this information and to help her track down who could verify that the BP-8 had been filed, but he has not yet responded to her email.

Against this backdrop, Mr. Brown supplements his Motion for Compassionate Release.

### A. Mr. Brown is working to better himself while incarcerated

In imposing a new sentence under the First Step Act, the court may vary from the Guidelines and consider post sentencing conduct. *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020). Mr. Brown is now fifty-four years old. He self-reports that he is working on obtaining his GED diploma and states that he took an anger management class in 2012. He has had no Incident Reports in the last six months and works in the laundry at the prison. *See* Individualized Needs Plan- Program Review, Exhibit B.

### B. Mr. Brown has a viable release plan.

Each day in custody is increasingly risky for Mr. Brown, who has no meaningful way to practice "social distancing" or other protective measures that are mandated by health officials throughout the nation and which promise some hope of surviving the consequences of infection. Upon his release, Mr. Brown will live with his daughter, Candace Wyatt, in Chesterfield, Virginia. Mr. Brown will have space within the home to socially distance. He states that he has been offered employment as a physical laborer cleaning houses. His daughter has expressed her unwavering support for Mr. Brown. She has remained supportive of Mr. Brown throughout his incarceration and plans to help him succeed upon his release. That support will be essential to his successful reintegration to society upon release. With her support, Mr. Brown will be well-positioned to comply with all of his terms of supervised release and to successfully reintegrate into society.

## CONCLUSION

Mr. Brown is subject to a particularized risk of contracting the disease in a prison environment due to his shortness of breath and hypertension. The virus thrives in densely packed populations, and federal prisons are ill-equipped to contain the pandemic and prevent COVID-19 from spreading to inmates like Mr. Brown. Allowing Mr. Brown to live with his daughter in Chesterfield, Virginia, is the only prudent and just response to the extraordinary and compelling circumstances created by the novel coronavirus.

Mr. Brown respectfully requests that this Court, order his immediate compassionate release and impose time served or release him under the following supervised release conditions: 1) that Mr. Brown abide by the standard supervised release conditions; 2) that within 72 hours of release, Mr. Brown contact the U.S. Probation Office by phone for specific reporting instructions; 3) that Mr. Brown reside with his daughter in Chesterfield, Virginia and be confined to the home - except

when working, attending medical appointments, or other activities approved by the U.S. Probation Office as long as this Court deems necessary.

                Respectfully Submitted,

                **CARLTON BROWN**

By:         /s/

                Ann M. Reardon, Esq.
                VSB No. 24230
                THORSENALLEN, LLP
                5413 Patterson Avenue, Suite 201
                P. O. Box 17094
                Richmond, Virginia 23226
                Telephone: (804) 317-5150
                Facsimile: (804) 447-7813
                annreardonlaw@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

      Stephen Miller
      US Attorney's Office
      SunTrust Building
      919 East Main Street
      Suite 1900
      Richmond, VA 23219

                                          /s/
                                Ann M. Reardon, Esq.
                                VSB No. 24230
                                THORSENALLEN, LLP
                                5413 Patterson Avenue, Suite 201
                                P. O. Box 17094
                                Richmond, Virginia 23226
                                Telephone: (804) 317-5150
                                Facsimile: (804) 447-7813
                                annreardonlaw@gmail.com