IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                Case No. 3:90cr113

**CARLTON BROWN,**

      **Defendant.**

**MEMORANDUM OPINION**

     This matter comes before the Court on Defendant Carlton Brown's Motions for Compassionate Release pursuant to Section 603(b) of the First Step Act (the "Motion"). (ECF Nos. 70, 94.) Brown also filed a Supplemental Motion (collectively, the "Motions"). (ECF No. 100.) The United States responded in opposition (the "Opposition"). (ECF No. 103.) Brown timely replied (the "Reply"). (ECF No. 107.) This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Motions for Compassionate Release.

**I. Background**

     On December 5, 1990, a grand jury charged Brown, then twenty-three years old, with: conspiracy, in violation of 21 U.S.C. § 846 (Count One); murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959 and 18 U.S.C. § 2 (Count Six); distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Sixteen); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B) (Count Seventeen); and engagement in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count Twenty-Two). (Indictment 1–7, 9–10, 15, 18.) Following a trial, a jury convicted Brown of all

counts. *See United States v. Johnson*, Nos. 91–5304, 91–5310, 91–5311, 91–5312, 91–5321, 91–5322, 91–5323, 91–5332, 1992 WL 134483, at *1 (4th Cir. June 18, 1992); (*see also* ECF No. 29–2, at 2.)

Prior to sentencing, the probation office prepared the Presentence Report ("PSR") for Brown, summarizing his criminal history. Brown fell into criminal history category IV based on his prior convictions. (PSR 13–18.) His prior convictions included auto theft; assault; misdemeanor assault; assault of a police officer; interference with a police officer; receipt of a firearm shipped in interstate commerce; and murder, use of a firearm in the commission a violent crime, and attempted murder. (*Id*.) In the last of these episodes, Brown and his confederates murdered a sixteen-year-old and attempted to murder two other individuals. (*Id.* 17–18.) Pursuant to the then-mandatory Sentencing Guidelines, Brown's Total Offense Level of 43 and Criminal History Category of IV resulted in life imprisonment. (*Id.* 20.)

The PSR also provided information on Brown's physical condition, noting in 1990 that "his overall health [was] good and he has no disabling injuries or illnesses." (*Id.* 19.) At the time of his sentencing, Brown had been shot in the left upper arm and "was injured in 1989 when he and several other individuals were shot as they rode by in his car." (*Id*.) The Court sentenced Brown to life imprisonment on Counts One, Six, and Twenty-Two, 240 months of imprisonment on Count Sixteen, and 120 months of imprisonment on Count Seventeen. (ECF No. 29, at 1; *see also* ECF No. 39, at 1–2.)

Brown, through counsel, appealed his convictions and sentence to the United States Court of Appeals for the Fourth Circuit. *See Johnson*, 1992 WL 134483, at *1. The Fourth Circuit affirmed this Court's judgment on Counts Six, Sixteen, Seventeen, and Twenty-Two. *See id.* at *3. With respect to Count One, the Fourth Circuit concluded that "the district court erred when

it imposed a sentence on [Brown's] conspiracy conviction[ ]," explaining that "Congress did not intend that an individual be punished under both § 846 (conspiracy) and § 848 (continuing criminal enterprise)." *Id.* (quoting *United States v. Porter*, 821 F.2d 968, 978 (4th Cir. 1987)). The Fourth Circuit vacated the sentence imposed for Count One and remanded the action for resentencing. *Id.* With respect to the impact of the vacation of the sentence imposed for Count One, the Fourth Circuit noted that "[i]n light of the multiple life sentences imposed on . . . Carlton [Brown] in counts six (murder in furtherance of racketeering activity) and twenty-two (CCE), our vacation of the sentence[ ] imposed on the conspiracy count (count one) bears little import." *Id.* at *3 n.3.

Brown is currently housed at Hazelton USP. The Bureau of Prisons ("BOP") does not project a release date for Brown given his life sentence. *See* Bureau of Prisons, *Fed. Inmate Locator*, https://www.bop.gov/inmateloc/.

On July 20, 2020, Brown filed a *pro se* Motion for Compassionate Release. (ECF No. 70.) On April 19, 2021, Brown, acting through Counsel, filed the instant Motion for Compassionate Release. (ECF No. 94.) In the Motion, Brown broadly describes the current public health crisis in BOP facilities caused by COVID-19. (Mot. 4–6.) Brown, now fifty-four years old, contends that he is particularly susceptible to COVID-19 because he "suffers from high blood pressure and hyperinflated lungs." (*Id.* 6.) Brown avers that he "recently got a new bunkmate who was previously diagnosed with COVID-19. They sleep in bunk beds and share a toilet and a sink in their cell. Mr. Brown works in the laundry unit which requires him to move about the prison and interact with other prisoners." (*Id.* 13.) As a result, "[h]e is not able to properly social distance." (*Id.*) Brown states that "[h]e has spent 31 years total in custody" for his crimes and "[a]lthough he was sentenced to life in prison, he was not sentenced to death and

3

to allow him to die from COVID-19 is surely not what the Court intended when he was sentenced." (*Id*. 23.)

The United States opposes Brown's request for compassionate release, arguing that he has not exhausted his administrative remedies, he has already received both of his COVID-19 vaccinations, and the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against release. (Opp'n 1, ECF No. 103.) The United States points to Brown's violent record and argues that "[t]he seriousness of [his] offense weighs heavily against release." (*Id.* 22.) The United States further contends that Brown's "efforts at rehabilitation [while in prison] do not outweigh the seriousness of his extensive and violent crimes . . . , his dangerous criminal history, and his continued danger to any community in which he might reside." (*Id.* 26.) Brown timely replied. (ECF No. 107.)

In his reply, Brown avers that his hypertension, hyperinflated lungs, and underlying health conditions "increase the risks he faces should he contract COVID-19." (Reply 9, ECF No. 107.) Moreover, Brown asserts that "[i]nmates, even vaccinated one[s], are still susceptible to the virus and its breakthrough variants by asymptomatic staff and visitors." (*Id.* 10.)

As of July 28, 2021, Hazelton FCC[1] has vaccinated 388 staff members and 1945 inmates. *See* Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus. Also, as of July 28, 2021, the BOP reports zero active COVID-19 cases at Hazelton FCC. *Id.*

**II.  Legal Standard:  Compassionate Release Under the First Step Act of 2018**

In 2018, Congress enacted the First Step Act to provide incarcerated individuals the opportunity to directly petition the courts for compassionate release under 18 U.S.C.

---

[1] Hazelton FCC contains two facilities:  Hazelton FCI and Hazelton USP.  *See* Bureau of Prisons, *Our Locations*, https://www.bop.gov/locations/list.jsp.

§ 3582(c)(1)(A).[2] Prior to the First Step Act in 2018, the BOP had the sole authority to petition the court for sentence modifications on compassionate release grounds. *Coleman v. United States*, No. 4:17cr69, 2020 WL 3039123, at *1 (E.D. Va. June 4, 2020). Following enactment of the First Step Act, criminal defendants may petition courts on their own initiative to modify their sentences if "extraordinary and compelling reasons warrant such a reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Before granting a reduction, courts must consider the factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A), and evidence of rehabilitation and other post-conviction conduct. *See United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *see also United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B)). However, a petitioner's rehabilitation alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t).

---

[2] Section 3582(c)(1)(A) states:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

A. **Exhaustion of Administrative Remedies**

Although the Court generally cannot "modify a term of imprisonment once it has been imposed," the defendant may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("Congress, aware of the BOP's history of extensive delays, also provided a '30-day lapse' alternative, under which a defendant may proceed directly to district court if his [or her] request is not acted on within that time."). "Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court." *Casey v. United States*, No. 4:18cr4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020).

The court may waive the exhaustion requirement, however, in certain circumstances. *United States v. Jones*, No. 3:11cr249, ECF No. 47, at *2–3 (E.D. Va. Apr. 3, 2020) (Lauck, J.). Courts may waive exhaustion if: "pursuing an administrative remedy would be futile[,]" "'exhaustion via the agency review process would result in inadequate relief[,]' or 'pursuit of agency review would subject the petitioner to undue prejudice.'" *United States v. Robinson*, No. 3:10cr261, 2020 WL 4041436, at *3 (E.D. Va. July 17, 2020) (Lauck, J.) (quoting *Poulios v. United States*, No. 2:09cr109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020) (Jackson, J.)).

Throughout the country, courts have found the coronavirus pandemic, combined with a vulnerable defendant with underlying health conditions, implicates all three exceptions justifying a waiver of the exhaustion requirement. *See United States v. Zukerman*, 451 F. Supp. 3d 329, 332–33 (S.D.N.Y. 2020) (holding that defendant's elderly age and serious health conditions

warrant a waiver of exhaustion requirements because of the ongoing risk of infection while incarcerated); *United States v. Perez*, 451 F. Supp. 3d 288, 293 (S.D.N.Y. 2020) (waiving the exhaustion requirement because exhaustion would be futile as defendant would not see thirty days lapse before his release date).

> **B. Courts Must Find Extraordinary and Compelling Reasons Justifying Compassionate Release**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission further defines "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, n.1; *see United States v. Kalivretenos*, No. 1:15cr00073, ECF No. 109, at *4 (E.D. Va. May 21, 2020). The Sentencing Commission identifies four instructive categories of extraordinary and compelling reasons that allow for a sentence to be modified: the petitioner's medical condition, age, family circumstances, and other reasons. U.S.S.G. § 1B1.13, n.1 (A)–(D).[3]

---

[3] The United States Sentencing Guideline § 1B1.13 provides that:

> Upon *motion of the Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

The United States Court of Appeals for the Fourth Circuit has explained, however, that "[w]hen a defendant exercises his [or her] new right to move for compassionate release on his [or her] own behalf . . . § 1B1.13 does not apply, and . . . § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *McCoy*, 981 F.3d at 281. "As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *Id.* at 283; *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021) (concluding that § 1B1.13 does not apply to compassionate release motions that inmates (or counsel acting on behalf of inmates) file directly with the district court). Furthermore, the Guidelines, while helpful, are merely advisory and do not bind the Court.

As a result of the coronavirus outbreak, "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (citations omitted).

### C. Courts Must Weigh the Statutory Sentencing Factors Before Granting Compassionate Release

Even after finding a sufficient "extraordinary and compelling reason" for compassionate release, the Court must then consider the § 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must weigh factors including "the nature and circumstances of the offense and the history and

---

U.S.S.G. § 1B1.13 (emphasis added).

characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court also must consider "the need for the sentence imposed to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

### III. Analysis

After due consideration, the Court will deny the Motion. Although the record does not demonstrate that Brown exhausted his administrative remedies, the Court will deny the Motion upon finding that Brown does not offer any "extraordinary and compelling reasons" to support his request for release. 18 U.S.C. § 3582(c)(1)(A)(i). While noting that he has high blood pressure and hyperinflated lungs, Brown fails to provide any particularized details regarding the severity of his conditions. Further, the record does not show that Brown faces particular susceptibility to COVID-19, especially after receiving the COVID-19 vaccine.[4]

In any event, the Court will consider Brown's request under the applicable statutory sentencing factors. Upon review, Brown's underlying convictions demonstrate that he presents a threat to the public due to his disregard for the law and that conditions of release will not assure the safety of the community. Brown's repeated violent crimes using especially dangerous weapons reflect that he presents a danger both to himself and the community. Although the Parties indicate that Brown has not committed any disciplinary infractions for the past six

---

[4] The Court recognizes that COVID-19 cases are increasing across the United States because of the Delta variant. *See* NEW YORK TIMES, *Delta Variant Widens Gulf Between 'Two Americas': Vaccinated and Unvaccinated*, July 15, 2021, available at: https://www.nytimes.com/2021/07/14/health/delta-variant-uk-usa.html. Even with the increase in nationwide COVID-19 cases, the record before the Court does not justify Brown's immediate release.

months while in federal detention, that brief interlude and his previous criminal history suggests that the Court should consider public safety and whether his sentence promotes respect for the law. The Court finds that the seriousness of Brown's offenses and the need to protect the public outweigh immediate release.

Brown's limited record of good behavior while in prison and participation in rehabilitation programs similarly do not overcome the relevant § 3553(a) sentencing factors to support his immediate release. Brown contends that his Motion should be granted because he works, has a clean disciplinary record, and has engaged in some BOP sponsored education and vocational opportunities. (Supp. Mot. 3, ECF No. 100.) In *United States v. Martin*, the Fourth Circuit vacated and remanded the district court's denial of both defendants' motions to reduce sentence because the district court failed to address any new mitigating evidence when denying the motions. 916 F.3d at 397–98. The Fourth Circuit has explained that if an individual is eligible for a sentence reduction, the district court must give weight to the person's "past transgressions" as well as "the multitude of redemptive measures that [the person] has taken." *Id.* at 397. However, Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). While Brown's good behavior and participation in GED programs during his time in prison are acknowledged, these measures do not warrant his early release in light of the seriousness of his convictions and the remaining time on his sentence.

The Court recognizes the grave health risks prisoners have faced during this pandemic and commends the nationwide efforts to promptly vaccinate prison staff and inmates. Beyond the instant case, federal inmates nationwide received COVID-19 vaccinations as soon as practicable. *See, e.g.*, *United States v. Jones*, No. 3:19cr105, 2021 WL 217157, at *5 (E.D. Va.

Jan. 21, 2021) (noting defendant had received his first COVID-19 vaccination on January 6, 2021).  Fortunately, Brown has obtained his vaccine and the BOP reports that most inmates at Hazelton FCC have now been vaccinated.  Considering the foregoing, the Court concludes that the current record does not justify Brown's immediate release from federal imprisonment.

### IV.  Conclusion

For the reasons explained above, the Court will deny the Motions for Compassionate Release.  (ECF No. 70, 94, 100.)

An appropriate Order shall issue.

                                                                                          /s/
                                          M. Hannah Lauck
                                          United States District Judge

Date: July 29, 2021
Richmond, Virginia

11